## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**ALYSHA BROWN, MOTHER AND**
**GUARDIAN OF WHITNEY BRENAE**
**JOHNSON and WHITNEY BRENAE JOHNSON**                                    **PLAINTIFFS**

**VS.**                                    **NO. 4:10-CV-0063 GTE**

**PULASKI COUNTY SPECIAL SCHOOL**
**DISTRICT, JAMES SHARPE, IN HIS**
**OFFICIAL CAPACITY AS SUPERINTENDENT**
**OF THE SCHOOL DISTRICT; GWEN WILLIAMS,**
**WILLIAM VASQUEZ; CHARLIE WOOD;**
**MILDRED TATUM; SHANA CHAPLIN; PAM**
**ROBERT AND DANNY GILILLAND, PULASKI**
**COUNTY SPECIAL SCHOOL DISTRICT SCHOOL**
**BOARD MEMBERS SUED IN THEIR OFFICIAL**
**CAPACITY**                                    **DEFENDANTS**

### FIRST AMENDED COMPLAINT

### I. VENUE

1.      The jurisdiction of this Court is pursuant to 28 U.S.C. §1343.  Venue is pursuant

to 28 U.S.C. §1391.  The relief sought herein is provided by Title VI of the Civil Rights Act of

1964, as amended, 42 U.S.C. §1983 and 42 U.S.C. §2000 *et seq.*

2.      This is an action to remedy discrimination in education mainly to correct an

injustice that was done to an African American student who also had some disabilities that the

School District should have, under the law, made provisions to accommodate her disabilities.

3.      Whitney Johnson has a diagnosis of Attention Deficit Hyperactive Disorder

("ADHD") and other learning disabilities ("OLD").  In several of the individual educational

plans, the School District agreed to make certain modifications to accommodate Whitney



Johnson's educational disabilities and did not follow through on those disabilities.

4.      Some of Whitney Johnson's classes were to be modified and they were not modified.

5.      When the School District had agreed in its Individual Education Plan ("IEP") to also do behavioral modification with Whitney Johnson and those modifications were not met which resulted in a number of suspensions for Whitney Johnson.

6.      The Plaintiffs in this case assert that the modifications were not made because of Whitney Johnson's race and the officials of the School District deemed it too cumbersome to accommodate Whitney Johnson in violation of the Americans with Disabilities Act and violation of Title VI of the Civil Rights Act of 1964.

7.      The Plaintiffs' claims are also based upon the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983, 42 U.S.C. §2000 and specifically Title VI of the Civil Rights to the United States Constitutions.

8.      All actions complained of in this Complaint occurred within the confines of the Eastern District of Arkansas, Little Rock Division.

## II. ADMINISTRATIVE PROCEDURES

9.      The Plaintiff's mother Alysha Brown, had several conferences with school teachers and made several appeals to school officials to no avail.

10.     Plaintiff, Whitney Brenae Johnson, graduated from the Pulaski County Special School District in June of 2007; however, she is drastically deficient in several educational areas. Out of all the appeals that Alysha Brown made on behalf of her daughter, the Pulaski County Special School District failed to redress her concerns and the school officials continued to fail to

2

modify her educational plans.

## III. PARTIES

11.     Alysha Brown is an African American citizen of the United States of America, lives in Little Rock, Arkansas and is the mother of Whitney Brenae Johnson.

12.     Whitney Brenae Johnson is an African American citizen who is now nineteen (19) years old and attended the Pulaski County Special School District and graduated from Sylvan Hills High School in June of 2007.

13.     Pulaski County Special School District is a school district in the state of Arkansas providing education mainly to students who are located in Pulaski County.

14.     James Sharp is the Superintendent of the Pulaski County School District.

15.     The other named Defendants, Gwen Williams, William Vasquez, Charlie Wood, Mildred Tatum, Shana Chaplin, Pam Robert and Danny Gililland are all members of the Pulaski County Special School Board.

## IV.  ALLEGED DISCRIMINATION

16.     Throughout the 2005-2006 school year, as well as the 2006-2007 school year, Plaintiff Whitney Brenae Johnson was a student in the Pulaski County Special School District. During Plaintiff Whitney Brenae Johnson's Eleventh Grade year, the Pulaski County Special School District devised Whitney's educational program and they agreed to modify her Eleventh Grade English class, Math in both Eleventh Grade and Twelfth Grade.  The English teacher did not modify the teaching of English to accommodate Whitney's disabilities of ADHD nor her learning disabilities.  This continued not only through Whitney's Eleventh Grade year, but throughout her Twelfth Grade year, as well.

17.     The Pulaski County Special School District was also to engage in behavioral modification for Whitney Johnson in that when she had difficulties with discipline, she was to be given a cooling-off period and provided a person for her to talk with.  This was rarely done and as a result Whitney received numerous suspensions from school.  There were other modifications to be done for Whitney's classes and discipline that were not carried out and as a result Whitney was left drastically defective in her math skills, English skills and in other educational areas that will undoubtedly hamper her for the remainder of her life.  Whitney is a person who would fit the definition of the Americans With Disabilities Act and accommodations in her public education were not provided to assist her with her education.

## V.  RELIEF SOUGHT

18.     The Plaintiffs petition this Honorable Court to grant them a trial by jury and after listening to the evidence to:

    a.      declare the Defendants have been in violation of the Fourteenth Amendment to the Constitution of the United States;

    b.      in violation of 42 U.S.C. §1983 and Title VI of the Civil Rights Act of 1964 and have been in violation of the Americans with Disabilities Act;

    c.      award monetary damages against the Defendants for violating the Plaintiffs' constitutional rights in an amount that would support the evidence for humiliation, embarrassment, mental and emotional distress and out-of-pocket expenses to pursue this claim;

    d.      to award the Plaintiffs any other damages and any other relief that is justified and

required by law.

Respectfully submitted,

_____

RICKEY H. HICKS #89235
Attorney at Law
415 Main Street
Little Rock, Arkansas 72201
501-374-2574–Office
501-920-7298–Cell
501-372-3164–Facsimile
E-mail: hickslawoffice@yahoo.com